# Richmond

## Aulander Dickens v. LeRoy Goode, An Infant Under the Age of 21 Years, Who Sues by Henrietta Goode, His Mother and Next Friend.

June 9, 1947.

Record No. 3207.

Present, All the Justices.

The opinion states the case.

*E. L. Ryan, Jr.*, and *Earl W. White*, for the plaintiff in error.

*A. A. Bangel* and *Jake Jacobson*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This proceeding results from a collision between a motor truck, operated by Aulander Dickens, and a bicycle, ridden by Leroy Goode, whereby the latter received serious personal injuries. The accident occurred on February 2, 1946, about 11:00 o'clock a. m., near the intersection of County street and Elm avenue, in the city of Portsmouth, Virginia. County street runs east and west, and Elm avenue runs north and south. There was a traffic light above the intersection which regulated traffic by alternately turning from green to red and red to green. The streets were dry and the day was bright and clear.

Suing by his mother and next friend, Goode, a colored boy about nine years of age, secured a verdict by a jury in the sum of $1,000 against Dickens for damages occasioned by the alleged negligent operation of the truck.

The plaintiff presented the following evidence.

Goode was riding on a bicycle, pedalled by Van Clarke, another small colored boy, bound east on County street. Clarke occupied the seat of the bicycle and Goode was sitting sideways on the crossbar between the seat and handlebars. Both boys testified that when they reached the intersection at Elm avenue, the traffic light was green, and that they made a right-hand turn under the green light into Elm avenue. As they made the turn and started south along Elm

avenue, Goode saw the truck operated by the defendant, Aulander Dickens, travelling south on Elm avenue, come through a red traffic light and cross the intersection. Goode told Clarke to turn the bicycle toward the curb so that the truck could pass them. The truck, however, came up behind them and struck the rear of the bicycle. Both boys were thrown to the street, and each received serious injuries. The collision took place about fifteen feet from the intersection and about three feet from the western curb line of Elm street. Both boys denied that they had ever told anyone that they rode the bicycle through a red traffic light. They said that the rear wheel of the bicycle was badly damaged, and that the seat and handlebars were bent, but that the front wheel was not injured.

Early in the trial, it developed that the identity of the bicycle and its description were in question, and counsel for the plaintiff asked that he be allowed to produce it in evidence. Subsequently, the court ordered a recess until it could be produced. The bicycle, blue in color, and minus its rear wheel, was thereafter offered as an exhibit before the jury.

Henrietta Goode, mother of Leroy, identified the bicycle exhibited as the bicycle involved in the accident. She stated that after the accident, its back wheel was badly damaged; but that its front wheel was in the same condition as exhibited in court.

Witnesses for the defendant gave a different account of the collision.

Aulander Dickens, colored, the driver of the truck, testified that he stopped at the intersection until the traffic light turned from red to green; that he thereupon started to cross the intersection; that when he was about half-way across he saw the bicycle a "good distance" up County street; and that when he had gotten entirely across the intersection, he felt a bump against his truck, stopped his vehicle, and saw the boys lying on the ground on his right-hand side near the rear wheel of the truck.

Two colored men, Carl Whaley and Edward Alston, who

occupied the front seat of the truck with Dickens, testified that the truck passed through the intersection on the green light; that as they went through the intersection they saw the bicycle approaching on County street; and that about the time they got through the intersection, they heard and felt the crash of the bicycle against the back part of the truck.

Two police officers went to the scene of the accident almost immediately after its occurrence. Officer W. F. Harris said he did not see the bicycle. Officer George W. Moffat said that the fork and front wheel of the bicycle were "bent right bad." He did not notice anything wrong with the rear wheel. He observed red paint on the side of the body of the truck, which he thought came from the bicycle. Both officers said that ten or fifteen minutes after the accident, while the boys were in an emergency room at a hospital and waiting to be treated for shock and injuries, they talked to them and that each of the boys said they rode the bicycle through a red traffic light. Each boy denied this most positively.

The evidence of the plaintiff is clear, direct and positive. It is in sharp conflict with that of the defendant. Plaintiff's witnesses testified that the bicycle was blue in color, and that its rear wheel was damaged, but not its front wheel. Defendant's witnesses testified that the rear wheel was not damaged; but that the fork and front wheel were badly bent and torn. One witness testified by implication that the bicycle was painted red. Plaintiff's witnesses testified that the bicycle entered the intersection on the green, or go, light, and that the truck passed through the intersection on a red, or stop, light. Defendant contradicted each of these statements. All of these disputed facts were submitted to the jury under instructions given by the court, without objection. The jury resolved the conflict in favor of the plaintiff.

The defendant moved to set aside the verdict as contrary to the law and the evidence, and the plaintiff moved that it be set aside on the ground of inadequacy and that another jury be impaneled to ascertain the amount of the damages. Both motions were continued. When the motions came on

to be heard, the defendant further moved that the verdict be set aside on the ground of after-discovered evidence. The trial court, after considering the alleged new evidence, overruled the motions of both parties, and entered judgment against the defendant according to the verdict of the jury.

It is conceded that the evidence of the plaintiff, if true, was amply sufficient to sustain the verdict. It was so accepted by the jury and, under familiar rules, we are bound by the jury's finding.

The sole assignment of error is to the refusal of the trial court to set aside the verdict because of after-discovered evidence.

There was presented to the court the affidavits of three persons, George W. Moffat, Edward M. Alston, and Aulander Dickens, all of whom testified upon the trial. Moffat declared that when he saw the bicycle at the scene of the accident, there was no damage to its rear wheel. Alston and Dickens declared that the rear mudguard of the wheel was not damaged at all, and that the bicycle involved in the accident was painted red with white trimmings. In addition, Mr. Edwin C. Kellam, a reputable attorney, was introduced as a witness. Kellam said that he investigated the accident as the attorney for the owner of the truck; that he was then associated with the law firm which represents the defendant in this proceeding; that while he was no longer associated with that firm, its members knew of his investigation; and that the report of his investigation had been filed in the office of the said law firm. He identified the blue bicycle exhibited in evidence as the bicycle involved in the accident; but said that it was not in the condition in which he saw it eighteen days after the accident.

It did not appear from the foregoing affidavits or testimony that the additional evidence could not have been discovered by the exercise of due diligence before the verdict. The conflict as to the color of the bicycle and the nature and extent of its damage arose early in the trial. The defendant thus had ample warning of the conflict on these issues and of the necessity to support his theory of the facts. He had an

unusual opportunity to discover the result of the investigation by Mr. Kellam. The new evidence was simply corroborative and cumulative of evidence which had been submitted to the jury.

The newly discovered evidence did not measure up to the requirements of the rule justifying the granting of a new trial. We have had frequent occasion to state that rule. To justify the granting of a new trial, the evidence must have been discovered since the trial. It must be such as could not, by the exercise of due diligence, have been discovered before the trial terminated. It must be material and such as ought to produce a different result on the next trial. It must not be merely cumulative, corroborative, or collateral. *Hamrick* v. *Fahrney*, 157 Va. 396, 161 S. E. 43. See also, Burks Pleading and Practice, (3rd Ed.) page 536; 7 Michie's Digest of Va. & W. Va. Reports, New Trials, page 723, and cases cited.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*